

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:1CR136 |
| | ) |
| JEREMY BLANCHARD | ) |

## STATEMENT OF FACTS

The United States and the defendant agree that the factual allegations contained in this Statement of Facts and in Counts One and Ten of the Indictment are true and correct, and that the United States could have proven them beyond a reasonable doubt.

1. Beginning in or before December 2011 and continuing until in or about February 2012, the exact dates being unknown, in the Eastern District of Virginia and within the jurisdiction of this Court, JEREMY BLANCHARD did knowingly and unlawfully combine, conspire, confederate and agree with others to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service ("IRS), an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is, federal individual income taxes, in violation of Title 18, United States Code, Section 371.

2. During the 2010, 2011 and 2012 tax seasons (tax years 2009, 2010, and 2011), defendant BLANCHARD prepared federal income taxes in the Richmond, Virginia through Mo Money Taxes, which operated stores on Mechanicsville Turnpike, Belt Boulevard and Hull Street in Richmond, Virginia.

3. During the 2012 tax season (tax year 2011), defendant BLANCHARD understood that it was part of the method of operation of the Richmond Mo Money stores to knowingly prepare false and fraudulent tax returns that were submitted to the Internal Revenue Service. As defendant BLANCHARD knew, it was an object of that agreement to cause the IRS to prepare and send to taxpayers return checks in excess of the amount to which the taxpayer was actually entitled. Defendant BLANCHARD further knew that it was an object of that agreement that Mo Money would receive financial benefit from the preparation and submission of false tax documents, as Mo Money charged taxpayer customers for each form prepared and filed on that taxpayer customer's behalf. Defendant BLANCHARD knowingly agreed to participate in that scheme with other Mo Money tax preparers.

4. As part of his agreement, defendant BLANCHARD prepared numerous federal individual income tax returns in 2012 (for tax year 2011) in which he fraudulently reported non-existent Schedule C income for customers to falsely increase their Earned Income Credit, and fraudulently reported non-existent educational expenses for customers to falsely obtain for them American Opportunity and Education Credits to which they were not entitled. Defendant BLANCHARD knew the figures were false at the time he prepared the returns.

5. By way of example, in or about January 2012, a customer of Mo Money Taxes met with defendant BLANCHARD at the Hull Street Mo Money Taxes store for the purpose of having defendant BLANCHARD prepare his 2011 federal individual income tax return. Defendant BLANCHARD prepared and filed a federal income tax return, Form 1040, for the taxpayer and included on that return a Schedule C form indicating $8,400 net income for the taxpayer from an unidentified self-employment business. Defendant BLANCHARD then entered this figure on

line 12 of the Form 1040 he prepared for the customer. This claim of Schedule C income was false and fraudulent and defendant BLANCHARD knew that it was false and fraudulent at the time.

6. As a result of the fraudulently prepared and filed Schedule C, defendant BLANCHARD knowingly caused the customer to receive an Earned Income Credit, reported on line 64a of the Form 1040 he prepared for the taxpayer, that was greater than the one to which he was entitled.

7. In addition, though the taxpayer did not have any educational expenses in 2011 that would qualify him to receive an American Opportunity Credit in 2011 and did not tell defendant BLANCHARD that he had, defendant BLANCHARD prepared a Form 8863 for the taxpayer that reported that the taxpayer had had $3,000 in qualifying educational expenses in 2011, and claimed on line 66 of the Form 1040 he prepared for the taxpayer an American Opportunity Credit of $9000. This claim was false and fraudulent and defendant BLANCHARD knew that it was false and fraudulent at the time.

8. Defendant BLANCHARD was aware that the other employees of the Richmond Mo Money stores were also preparing and filing individual income tax returns for the 2011 tax year that included false and fraudulent Schedule Cs to falsely inflate the Earned Income Credit and false and fraudulent claims of educational expenses to falsely claim American Opportunity credits.

9. The parties agree that for purposes of relevant conduct, pursuant to the Tax Table, U.S.S.G. § 2T4.1, the total tax loss that was reasonably foreseeable to defendant BLANCHARD is more than $250,000, but less than $550,000.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Stephen W. Miller
Assistant United States Attorney
Todd Kostyshak
Kevin Sweeney
Trial Attorneys, Tax Division

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

3-9-16
Date

JEREMY BLANCHARD

I am counsel for defendant, JEREMY BLANCHARD. I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

3-9-16
Date

Counsel for Defendant

4